Eugene LANDON, Cyril A. Moyer and
Martin Campbell, Appellants,

v.

Bruce HUNT, Carol J. Hunt and A.
Cruickshanks, IV, Appellees.

No. 90–5856.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
April 2, 1991.

Decided July 19, 1991.

Allen E. Ertel, Allen E. Ertel & Associates, Williamsport, Pa., for appellants.

John J. Rosenberg, Milgram Thomajan & Lee P.C., Boston, Mass., for appellees.

Before MANSMANN and HUTCHINSON, Circuit Judges, and O'NEILL, District Judge.*

OPINION OF THE COURT

PER CURIAM.

In this appeal, the plaintiffs and their attorney request that we overturn monetary sanctions imposed upon them by the district court pursuant to Rule 11 of the Federal Rules of Civil Procedure and Middle District of Pennsylvania Local Rule 119.1(b). In moving for the imposition of

* Honorable Thomas N. O'Neill, Jr. of the United States District Court for the Eastern District of     Pennsylvania, sitting by designation.

sanctions, the defendants had alleged that the plaintiffs and their attorney had abused the process of the district court, had filed frivolous pleadings and had failed to appear at trial.

We find that neither authority supports the imposition of sanctions here, but we will remand for the district court to consider whether to impose sanctions against the plaintiffs through an exercise of the court's "inherent power," an issue raised and preserved by the moving parties. *See Chambers v. Nasco, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Since the plaintiffs' attorney did not file a notice of appeal on his own behalf, we lack jurisdiction to review the sanction order insofar as it applies to him. *See* F.R.A.P. Rule 3(c).

## I.

This action arose out of Carol J. Hunt's purchase and later resale of an 18th century Chippendale Secretary. Carol Hunt and her husband Bruce Hunt learned of the existence of the Secretary from Martin Campbell and Cyril Moyer. Subsequent to the purchase of the Secretary, the Hunts engaged Eugene Landon to assist in the authentication and marketing of the piece. The Hunts and Landon agreed that Landon was to receive a certain percentage of the sale price of the Secretary as a commission. Allen Ertel, an attorney, represented Landon during his negotiations with the Hunts.

The Secretary was sold. Prior to the distribution of the proceeds from the sale, Ertel, acting on behalf of Moyer and Campbell, asserted to the Hunts that Moyer and Campbell owned a 40% interest in the Secretary. As a result of this alleged interest, the proceeds from the sale of the Secretary could not be disbursed.

On January 6, 1988, Carol Hunt filed an action in the Court of Common Pleas for the Eighth Judicial Circuit of South Carolina against Moyer and Campbell and their antique business, the Carolinian Antiques Gallery. Hunt sought a declaration that

Campbell and Moyer held no ownership interest in the Secretary.

Two weeks later, on January 22, 1988, Ertel, on behalf of Landon, filed a complaint against the Hunts and others in the Court of Common Pleas of Lycoming County, Pennsylvania. That action had been commenced by writ of summons in November of 1987 and subsequently was removed to the district court.

After removal, the Hunts joined Campbell and Moyer as third-party defendants in this action. On their behalf, Ertel filed a counterclaim and crossclaim against the Hunts in which Campbell and Moyer sought a determination as to whether they had any ownership interest in the Secretary, the same issue which was pending in the South Carolina action.

The district court proceeded to resolve a series of dispositive pre-trial motions. On November 8, 1989, the court filed a memorandum and order which entered judgment in favor of the Hunts on the claims of Campbell and Moyer. This memorandum and order disposed of all of Moyer and Campbell's claims as counter-claim and crossclaim plaintiffs. As a result, the sole issues remaining for trial were Landon's claim concerning his alleged entitlement to a commission on the sale of the Secretary and the Hunts' claims over against Campbell and Moyer.

On September 29, 1989, the district court entered an order listing this case and six other cases for jury selection on November 13, 1989. On that date, the case was called for trial. When Landon and Ertel did not appear, the district court dismissed Landon's complaint with prejudice for failure to prosecute.

■ Approximately six months later, on May 3, 1990, the Hunts filed a motion for sanctions against Landon, Moyer, Campbell and Ertel. The motion requested sanctions alternatively pursuant to Rule 11, Local Rule 119.1(b) and the district court's inherent power.[1]

---

1. The Hunts also requested relief under Fed.R. Civ.P. 68. The district court denied this request in its memorandum of May 31, 1990 on the

grounds that the appellees' offer was not made "with costs then accrued" as required under the Rule. Appellees have not appealed this deci-

Apparently no timely response to the motion for sanctions was filed. Thus, in a memorandum dated May 31, 1990, the district court granted the motion for sanctions against Landon, Campbell, Moyer and Ertel as unopposed, stating, "[w]e shall grant the defendants' Rule 11 motion." The district court ordered that the Hunts file a summary of their expenses and supporting materials. Ertel timely filed a motion for reconsideration on June 5, 1990. On June 29, 1990, the district court denied the motion for reconsideration.

The Hunts subsequently submitted a summary of expenses. In a memorandum and order dated September 6, 1990, the district court reviewed the procedural history of the action. In a footnote, the district court noted that while it had granted the Rule 11 motion, Local Rule 119.1 also provided a basis for the imposition of sanctions. The district court, however, declined to award the full amount of expenses requested:

> After reviewing the summary of expenses and the surrounding documentation, we believe that the amount and duration of the fees and costs outlined by defendants is extensive in light of the procedural history of this case. While many pretrial motions were filed in this action, many were resolved in favor of plaintiff thereby disavowing any bad faith argument on behalf of plaintiff. Additionally, requests for fees and costs were made in connection with the filing of many of these motions by defendants and the requests were denied at that time by the court. However, as we have indicated in earlier findings by this court,

we believe that defendants are entitled to recover the expenses which were incurred by them in preparation for their appearance before the court on November 13, 1989, the day scheduled for trial.

In the September 6, 1990 memorandum and order, the district court focused solely on the conduct of Landon and Ertel. At no point in its discussion did the court mention the conduct of Campbell and Moyer. Nonetheless, the district court imposed sanctions against Landon, Campbell, Moyer and Ertel *collectively* in the amount of $3,347.77.

■ On October 1, 1990, Ertel filed a notice of appeal on behalf of Landon, Campbell and Moyer,[2] alleging that the district court lacked the authority to impose sanctions. We turn first to the prerequisites of Rule 11.

## II.

■ Rule 11 gives the district courts the authority to impose sanctions upon the signatory to any pleading, motion or other paper which is not "well grounded in fact" nor "warranted by existing caselaw or a good faith argument for the extension, modification, or reversal of existing law, [or which is] interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Here, the district court did not impose Rule 11 sanctions as a result of any signed writing. Instead, because Landon and Ertel failed to appear at trial, the court imposed sanctions to compensate the Hunts for their expenses incurred in preparation

---

sion. We note, however, that regardless of whether the offer was made "with costs then accrued", the Hunts could not rely on Rule 68 to recover costs in this case because the district court dismissed the claim against them with prejudice. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) ("[I]t is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.")

**2.** In his brief, Ertel argues that the notice of appeal perfected his own appeal. The notice of appeal states:

> Notice is hereby given that Eugene Landon, Plaintiff, and Martin Campbell and Cyril Moyer, Third Party Defendants, hereby appeal to the United States Court of Appeals for the Third Circuit from the final judgment on sanctions entered in this action on the 6th day of September, 1990.

We are not at liberty to ignore the clear import of the notice of appeal by reading in an additional party whose name is not stated. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

for the trial.[3] We have consistently held that "Rule 11 sanctions are proper *only* in situations involving a signed pleading." *Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 889 F.2d 490, 496 (3d Cir.1989) (emphasis added). The district court's award of sanctions for conduct not involving a signed writing was therefore beyond the scope of Rule 11.

■ We note further that the motion for sanctions was not timely filed. The district court entered final judgment against the plaintiffs on November 13, 1989. The defendants did not file their motion for sanctions, however, until May 3, 1990. We have held that a motion for Rule 11 sanctions must be filed before entry of final judgment. *Lingle*, 847 F.2d at 100.

The Hunts argue that, because the district court entered final judgment immediately after Landon and Ertel failed to appear on the date scheduled for trial, they could not have filed their Rule 11 motion prior to the dismissal of the action. Assuming, without deciding, that extreme circumstance may in rare cases permit a litigant to file a Rule 11 motion subsequent to the dismissal of an action for failure to prosecute, we are at a loss to understand why the Hunts did not file their motion until almost six months *after* November 13, 1989. Since they knew, on that date, of the conduct which gave rise to the sanction motion, their inordinate delay in filing the motion is contrary to our intention to heed "[t]he drafters of Rule 11 [who] suggest early action by litigants who believe they have a valid ground for requesting sanctions under the Rule." *Id.* at 99.

Thus, we find that Rule 11 does not support the district court's imposition of sanctions here. We turn then to the alternative ground which the district court cited for its sanctions—Local Rule 119.1.

### III.

■ With respect to monetary sanctions, Local Rule 119.1 of the Middle District of Pennsylvania provides that, in the sound discretion of the trial judge, such sanctions may be imposed *against attorneys* whose conduct merits this action.[4] The Rule does not vest the district court with authority to impose monetary sanctions on *parties*. Indeed, the parallel congressional statute, 28 U.S.C. § 1927, applies exclusively to attorneys.[5]

---

**3.** In reaching this conclusion, the district court noted that because a number of pretrial motions had been filed and many of the motions were resolved in favor of the appellants, the appellants did not act in bad faith. Of course, in considering a motion for sanctions under Rule 11, "courts must apply an objective standard of reasonableness under the circumstances." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir.1988) (citing *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir.1988); *Colburn v. Upper Darby Township*, 838 F.2d 663, 667 (3d Cir.1988)).

**4.** Local Rule 119.1 provides, in pertinent part:
119.1 Sanctions in the Discretion of the Court. In the sound discretion of any judge of this court, one or more of the following sanctions may be imposed for failure to comply with any rule or order of the court:
(a) Dismissal, Default and Preclusion Orders. Failure of counsel for any party to appear before the court at pre-trial conference or to complete the necessary preparations therefor in accordance with these rules or to be prepared for trial at the time of any scheduled date for trial, or otherwise to comply with the rules contained herein, or any order of court, may be considered an abandonment or failure to prosecute or defend diligently, and an order precluding counsel from offering specific evidence or raising certain issues, or judgment, may be entered against the defaulting party either with respect to a specific issue or on the entire case.
(b) Imposition of Costs on Attorneys. If counsel acts in a dilatory manner or files motions for the purpose of delay, or fails to comply with any rule or order of court, and the judge finds that the sanctions in subsection 119.1(a) above are inadequate or unjust to the parties in light of the facts or circumstances, he may, in addition to, or in lieu of, such sanctions assess reasonable costs directly against counsel whose action has obstructed the effective administration of the court's business. . . .

**5.** In pertinent part, 28 U.S.C. § 1927 states that
Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.
Section 1927 could not, therefore, provide a basis for sanctioning Landon, Moyer and Campbell. *See Williams v. Giant Eagle Markets, Inc.*,

## IV.

Finally, we address the alternative ground which the Hunts proposed as authority for its motion for sanctions—the district court's "inherent power." While the district court did not rely on its inherent power to sanction in either its May 31, 1989 memorandum and order or its September 6, 1990 memorandum and order, the Hunts have asserted this alternative basis for upholding the district court's order.

In *Chambers v. Nasco, Inc.,* — U.S. —, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), the Supreme Court very recently held that a district court may, pursuant to its inherent power, impose sanctions against parties for bad faith conduct. *Nasco,* — U.S. at —– —, 111 S.Ct. at 2133–2137. The Court stated clearly that a district court need not exhaust all other sanctioning mechanisms prior to resorting to its inherent power, noting "[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees...." *Id.* at —, 111 S.Ct. at 2136.

 Thus, a prerequisite for the exercise of the district court's inherent power to sanction is a finding of bad faith conduct. Here, however, the district court did not make such a finding with respect to Landon, Moyer and Campbell. Thus, we cannot affirm the district court order on different grounds which arguably would support it. Indeed, it appears to us that Moyer and Campbell may stand in a different factual position than does Landon with respect to the conduct which the district court held gave rise to sanctions. It is undisputed that Landon failed to appear at trial on November 13, 1989, but when the district court dismissed their claims on November 8, 1989, Moyer and Campbell were relieved of their obligations as counterclaim and crossclaim plaintiffs. On this cold record, the question arises whether the district court could properly sanction Moyer and Campbell for failing to appear on November 13, 1989 to defend against third-party claims. Certainly, the district court is better situated than we are to determine whether Moyer and Campbell acted in bad faith at *any* stage of the litigation and to decide whether sanctions under the court's inherent power are warranted. Therefore, we will remand this case to the district court to permit it to determine whether sanctions are appropriate under its inherent power and, if so, to determine what due process protections should be afforded to those subjected to the court's inherent power. *Compare Carter v. Albert Einstein Medical Center,* 804 F.2d 805, 807 (3d Cir. 1986) (court has "increasingly emphasized visiting sanctions on the delinquent lawyer, rather than on a client who is not actually at fault.")

## V.

For the foregoing reasons, we will vacate the district court's imposition of sanctions pursuant to Rule 11 and Local Rule 119.1, on Landon, Moyer and Campbell. We will remand this action to the district court for consideration of whether sanctions against Landon, Campbell and Moyer, either individually or collectively, are appropriate under the court's inherent power and to determine what due process protections must accompany the exercise of the district court's inherent power.

---

883 F.2d 1184, 1191 (3d Cir.1989) (Section 1927 "does not grant a district court the authority to impose [sanctions] against the litigant").