977 F.2d 93
 61 USLW 2298, 23 Fed.R.Serv.3d 1064
 Janette COLLIER, Appellant
v.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN; Robert G.
Hanna, Jr., Esquire, W.V. Pangborne Company Inc.;
City of Philadelphia; Sandra Mazer
Moss; Gilda Kramer.
 No. 91-2081.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Sept. 14, 1992.
Decided Oct. 13, 1992.
 
 Allen L. Feingold, Allen L. Feingold Associates, Philadelphia, Pa., for appellant.
 Craig L. Thorpe, Henry P. Stonelake & Associates, Philadelphia, Pa., for appellee W.V. Pangborne Co., Inc.
 Marie C. Lasota, Office of City Sol., Philadelphia, Pa., for appellees City of Philadelphia, Sandra Mazer Moss and Gilda Kramer.
 Before STAPLETON, SCIRICA and NYGAARD, Circuit Judges.
 OPINION OF THE COURT
 NYGAARD, Circuit Judge.
 
 
 1
 Allen L. Feingold, Esq., who represented plaintiff Janette Collier at trial, appeals a Rule 11 order imposing attorney's fees and costs as a sanction against him. We will not consider the merits of Feingold's appeal, but rather will dismiss it because we lack jurisdiction.
 
 I.
 
 2
 In January 1991, the district court granted a defense motion and dismissed plaintiff's complaint. Pursuant to 42 U.S.C. § 1988, it awarded costs and reasonable attorney's fees to defendants. Additionally, it ordered that
 
 
 3
 [u]pon the filing of affidavits as to costs and reasonable attorney's fees incurred by defendants, and any response to such affidavits, including any explanation of any mitigating factors, plaintiff's counsel, Allen L. Feingold, shall pay costs and fees as a sanction for violating Fed.R.Civ.P. 11.
 
 
 4
 Plaintiff appealed the motion to dismiss, but since the amount of costs and fees imposed under Rule 11 had not been determined, the portion of the order awarding them was not appealable. Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1089-90 (3d Cir.1988). Hence, proceedings on the Rule 11 sanctions were stayed pending the appeal. After we affirmed the dismissal, the district court conducted a hearing and issued its order quantifying the amount of the attorney's fees imposed as sanction against Feingold. Janette Collier appeals.
 
 II.
 
 5
 Federal Rule of Appellate Procedure 3(c) provides that the notice of appeal "shall specify the party or parties taking the appeal." The notice of appeal filed by Feingold reads:
 
 
 6
 NOTICE is hereby given that Plaintiff, Janette Collier, hereby appeals to the United States Court of Appeals for the Third Circuit, from the Memorandum and Order of the Honorable Donald W. VanArtsdalen, entered in this action on the 3rd day of December, 1991.
 
 
 7
 (emphasis added.)
 
 
 8
 Feingold filed the notices of appeal, not on his own behalf but on behalf of Collier. The issue is whether we have appellate jurisdiction to review a judgment imposing Fed.R.Civ.P. 11 sanctions on an attorney when the notice of appeal is in the name of the client only. If a party fails to satisfy the requirements of Rule 3(c), we lack jurisdiction over that party. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988).
 
 
 9
 Even though the notice of appeal technically varies from the letter of Rule 3(c), it is sufficient if it is the "functional equivalent" of a notice. 487 U.S. at 317, 108 S.Ct. at 2408. The functional equivalent to a notice of appeal must, however, identify Feingold as the party taking the appeal. CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 576 (3d Cir.1991). Nothing in the record here supports the finding of a functional equivalence nor gives any notice that Feingold is the appellant. The only notice of appeal he filed was on behalf of Collier, which we conclude is not a sufficient notice of appeal on his behalf.
 
 
 10
 The reasons for this are obvious. Because the standards governing Rule 11 sanctions differ substantially between orders against parties and orders against attorneys, the interests of a client and the interests of an attorney may well conflict in Rule 11 proceedings.
 
 
 11
 First, unless Collier, represented as she was by an attorney, knowingly commits an act that violates Rule 11, sanctions against her would not be appropriate. Second, a different situation is presented with respect to Feingold, who, because of the professional standards to which he is held, is considered to know the impropriety of his conduct, and from his professional responsibility should act to prevent it. Hence, where the attorney acts improperly or fails to advise an unwary client of the impropriety of the client's conduct, the burden of sanctions should fall entirely upon the attorney. See Quiros v. Colon, 800 F.2d 1, 2-3 (1st Cir.1986). A third situation would be presented where the party herself knows that the filing, and/or the signing is improper, and the attorney reasonably should also know. In this situation, Rule 11 sanctions against both of them are appropriate. Landon v. Hunt, 938 F.2d 450, 453 (3d Cr.1991). Finally, if Collier had misled Feingold, but Feingold nevertheless had an objectively reasonable basis for his actions, then sanctions against Collier alone would have been appropriate. Calloway v. Marvel Entertainment Group, 854 F.2d 1452, 1475 (2d Cir.1988). Because the interests of a client and her attorney differ, and may indeed conflict, each must appeal if the district court imposes sanctions against them. Landon, 938 F.2d at 451. Consequently, this notice of appeal would be sufficient only in an appeal from Rule 11 sanctions imposed against Collier. Here, since Allen L. Feingold is the real party in interest, Rule 3(c) requires that he appeal in his own name.
 
 
 12
 We hold that when sanctions are imposed only upon the attorney and the notice of appeal is in the name of the client alone, we are jurisdictionally barred from considering an appeal of the order imposing sanctions against the attorney.
 
 
 13
 In so holding, we are in accord with most courts of appeals that have considered the issue. See DeLuca v. Long Island Lighting, 862 F.2d 427, 429 (2d Cir.1988); Mylett v. Jeane, 879 F.2d 1272, 1275 (5th Cir.1989); Rogers v. National Union Fire Ins. Co., 864 F.2d 557, 560 (7th Cir.1988); Reynolds v. East Dyer Dev. Co., 882 F.2d 1249, 1254 (7th Cir.1989). See also 5A Wright & Miller, Federal Practice and Procedure, § 1337 at 133-34 (2d ed. 1990) ("The person sanctioned is the real party in interest on the appeal and should be named in the notice of appeal.") But see Corp. of the Presiding Bishop v. Assoc. Contractors, 877 F.2d 938 (11th Cir.1989) (post-Torres case in which the Torres decision is not discussed, and where the court concluded that if sanctions are imposed "jointly and severally" against an attorney and client, a notice of appeal in the name of the client alone is sufficient).
 
 III.
 
 14
 In sum, we conclude that because Feingold failed to file the notice of appeal in his own name, and the record contains no functional equivalent of a proper notice of appeal, we lack jurisdiction to review the order imposing Rule 11 sanctions against him. We will dismiss.