

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# DiPaolo v. Moran

Precedential or Non-Precedential: Precedential

Docket No. 04-1670

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"DiPaolo v. Moran" (2005). *2005 Decisions.* Paper 1102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-1670 & 04-1769

GREGORY DIPAOLO

v.

STEVEN MORAN; NEIL A. MORRIS ASSOCIATES, P.C.;
WILLIAM MCCAULLY; WILLIAM FOX; DALE
RICHARDSON; RON HOWARD TRANENKLE;
BENSALEM TOWNSHIP; BENSALEM TOWNSHIP
BOARD OF COUNCIL; HEATHER ODY;
WILLIAM MADDOCK; JOSEPH PILARI; JOSEPH
SZAFRAN; EDWARD KISSELBACK; JOSEPH
DIGERALMO, Sued
individually and in their official capacities;
NEIL A. MORRIS

BRIAN M. PURICELLI,
(*Pursuant to FRAP 12(a))
Appellant in No. 04-1670

NEIL A. MORRIS and
NEIL A. MORRIS
ASSOCIATES, P.C.,
Appellants in No. 04-1769

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 99-cv-05974)
District Judge: Honorable William H. Yohn, Jr.

Submitted Under Third Circuit LAR 34.1(a)
February 15, 2005

Before: SLOVITER,  AMBRO
and ALDISERT, Circuit Judges

(Filed: May 10, 2005)

Brian M. Puricelli, Esquire
Law Office of Brian M. Puricelli
691 Washington Crossing Road
Newtown, PA   18940

    *Counsel for Appellant*

Richard R. Morris, Esquire
Neil A. Morris, Esquire
Neil A. Morris Associates, P.C.
1735 Market Street
Mellon Bank Center, 43rd Floor
Philadelphia, PA   19103

    *Counsel for Appellee*

---

OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

Before us is the imposition of a sanction under Rule 11 of the Federal Rules of Civil Procedure, with the sanctioned party arguing that a sanction was not warranted and the opposing party contending that the District Court should have awarded a monetary sanction. For the reasons that follow, we affirm both of the District Court's determinations.

## I. Factual Background and Procedural History

Appellant Brian Puricelli filed the underlying action on behalf of his client, Gregory DiPaolo, in November 1999, claiming that the Bensalem Police Department's termination of DiPaolo's employment as a tenured police officer violated his rights under the United States and Pennsylvania Constitutions and Pennsylvania law. The complaint named fifteen defendants—among whom were Neil Morris, Esquire and his law firm, Neil A. Morris Associates, P.C. (collectively "Morris")—both Appellees and Cross-Appellants here.

As the District Court stated, "[e]arly on in this litigation, it became apparent that there was extensive bad blood between

3

Puricelli and Morris involving not only this litigation, but other litigation in other courts." *DiPaolo v. Moran*, 277 F. Supp. 2d 528, 529 (E.D. Pa. 2003). Because an account of the various suits between the parties—or the incidents evincing "bad blood"—will not shed light on those issues before us, we confine our discussion of the factual background and procedural history to those events that relate to the sanction imposed against Puricelli.

In January 2000 Puricelli (on DiPaolo's behalf) moved for a default judgment against Morris and the other defendants on the ground that they had failed to file a response to DiPaolo's complaint. Several weeks thereafter, Morris and his firm filed a motion for sanctions, in which they asserted that Morris and the other defendants had responded by filing motions to dismiss. Moreover, Puricelli refused to withdraw the motion for default judgment even after the defendants informed him that they had filed the motions to dismiss. In March 2000 the District Court granted the motion for sanctions and sanctioned Puricelli (and not DiPaolo) in the amount of $350.

Puricelli did not pay this amount, however, and defendants filed a motion seeking additional sanctions against Puricelli. In May 2000, the District Court entered an order directing Puricelli to promptly pay the $350 or he would be required to pay an additional sum.

While these events were taking place, Morris filed a

motion for sanctions under Rule 11[1] against DiPaolo and

[1]Rule 11 provides in pertinent part:

(a) Signature.  Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name . . . .

(b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual

Puricelli, arguing that the complaint was frivolous and filed in bad faith. In May 2000, after holding oral argument on the various defendants' motions seeking dismissal of the complaint, the District Court issued an order setting out the claims—including claims against Morris—that the plaintiff (DiPaolo) could pursue in an amended complaint. The Court did not expressly rule on Morris's motion for sanctions. However, as it allowed the filing of an amended complaint, the Court apparently intended to deny the Rule 11 motion. *See DiPaolo*, 277 F. Supp. 2d at 530 (explaining that the Court's decision to allow an amended complaint "effectively mooted the

> contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11.

Morris also sought sanctions pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Because the District Court's order of June 30, 2003 made clear that the Court imposed a sanction solely pursuant to Rule 11, we consider only that issue.

6

sanctions issue; had the claims been so frivolous as to warrant Rule 11 sanctions, the court would not have permitted" the amended pleading).

After Puricelli filed the amended complaint, Morris filed a "supplemental" motion for Rule 11 sanctions against both DiPaolo and Puricelli, arguing that the amended complaint lacked legal and factual merit. In July 2000, after the time period for filing a response had expired and no response had been filed, the District Court granted Morris's motion for sanctions as to Puricelli only.

Several weeks later Puricelli moved for reconsideration, arguing that he had never received the supplemental motion for sanctions. The District Court held a hearing and found Puricelli not to be credible insofar as he testified that he had not received the supplemental motion. In making this credibility determination, the Court found that a letter dated July 5, 2000 authored by Puricelli was a "smoking gun." In the letter, Puricelli stated that a response to the "Rule 11 motion is forthcoming . . . ." As the District Court indicated, the date of the letter is subsequent to the date of the filing of the supplemental motion and supporting brief but prior to when Puricelli's response was due.

In view of these findings, the District Court deemed the violation of Rule 11 to have been established as a result of Puricelli's failure to oppose the sanctions motion. The Court

7

declined, however, to impose a sanction at that time.

DiPaolo's claims against Morris and his law firm were voluntarily dismissed in December 2000 and DiPaolo's claims against the remaining defendants were dismissed six months later as the result of the parties' settlement. As such, the District Court never determined the merits of the amended complaint.

Although the underlying action was dismissed with prejudice under Federal Rule of Civil Procedure 41(a), proceedings in the District Court continued as to sanctions. In June 2003 the Court determined that the dismissal of the case pursuant to Rule 41 did not deprive it of the jurisdiction or authority to impose sanctions against Puricelli. *DiPaolo*, 277 F. Supp. 2d at 531-32. The Court scheduled an evidentiary hearing to determine the nature of any sanction to be imposed.

During the hearing the parties informed the District Court that Morris had begun litigation against Puricelli in the Court of Common Pleas of Philadelphia County, in which Morris alleged that the suit before the District Court was "baseless and without merit" and that Puricelli's conduct was an abuse of process. After noting that Morris was seeking damages in the case pending in state court, and, indeed, had established liability but was awaiting an assessment of damages, the District Court declined to award a monetary sanction. Instead, it reprimanded Puricelli and ordered him to attend and complete twelve hours of continuing legal education (in addition to the Pennsylvania

8

bar's requirements) related to civil rights claims under 42 U.S.C. § 1983 and constitutional tort litigation. Puricelli appealed this order, and Morris cross-appealed because the sanction ordered did not include money.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over the § 1983 claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and had supplemental jurisdiction over DiPaolo's state law claims under 28 U.S.C. § 1367. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. In reviewing a district court's Rule 11 determination, we apply the abuse of discretion standard. *Garr v. U.S. Healthcare*, 22 F.3d 1274, 1279 (3d Cir. 1994).

## III. Discussion

### A. Puricelli's Appeal

Puricelli's core issue on appeal is whether the District Court erred in granting the Rule 11 motion by default. Beyond the conclusory assertion of error, however, Puricelli gives little in the way of argument directly bearing on this issue. Instead, his brief devolves into a series of arguments that he could have raised in opposition to the Rule 11 motion had he responded to the motion for sanctions.

As the District Court explained, the pertinent local court

rule provides that "any party opposing [a] motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion. . . . In the absence of a timely response, the motion may be granted as uncontested. . . ." Eastern District of Pennsylvania Local Rule of Civil Procedure 7.1(c). In light of the District Court's finding that Puricelli received the Rule 11 motion but failed to respond, the application of this local rule seems on its face to doom Puricelli's appeal. Moreover, citing Local Rule 7.1(c) or a rule similar to it, courts have held that a Rule 11 sanctions motion can be granted by default. *See, e.g.*, *Geller v. Randi*, 40 F.3d 1300, 1304 (D.C. Cir. 1995); *Aziz v. Pa. State Univ.*, 1998 WL 964483, at *3 (E.D. Pa. Nov. 17, 1998); *Carbone v. Gen. Accident Ins. Co.*, 1996 WL 420427, at *2 (E.D. Pa. July 25, 1996).

Nevertheless, there is authority from our Court that, while not cited by the parties, lends some support to Puricelli. *See Landon v. Hunt*, 938 F.2d 450 (3d Cir. 1991) (*per curiam*). In *Landon* the District Court sanctioned the plaintiffs after they failed to file a timely response to the defendants' motion for sanctions under Rule 11 subsequent to two of the plaintiffs not appearing for trial. Although recognizing that the sanctions motion was unopposed, we nonetheless concluded that Rule 11 did not provide authority for imposing sanctions. *See id*. at 453. As we explained, imposing sanctions suffered from two obvious deficiencies. First, Rule 11 authorizes sanctions against the signer of any pleading, motion or other paper. Fed. R. Civ. P. 11(b) and (c). The conduct at issue in *Landon*, however, was

10

entirely unrelated to the signing of any pleading, motion or other paper—the sanction related to the failure to appear for trial. *See Landon*, 938 F.2d at 453 ("We have consistently held that 'Rule 11 sanctions are proper *only* in situations involving a signed pleading.'" (quoting *Schering Corp. v. Vitarine Pharms., Inc.*, 889 F.2d 490, 496 (3d Cir. 1989))(emphasis added in *Landon*)). Second, defendants' sanctions motion was filed more than six months after the entry of final judgment and, moreover, we explained that there was no possible justification for the inordinate delay. *See id*.; *see also Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988) (adopting a "supervisory rule for the courts in the Third Circuit . . . requir[ing] that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment").[2]

In contrast to *Landon,* and Puricelli's protestations notwithstanding, the sanctions motion here did not involve obvious facial deficiencies. The motion asserted that the amended complaint Puricelli had filed—and to which he was the sole signer—was without adequate legal or factual basis. Thus the motion did not fall outside Rule 11's ambit (signed pleadings), thus distinguishing *Landon*.[3] Further, although

_____

[2]In *Landon* we did not consider the effect of a local rule governing a party's failure to file a timely response.

[3]Puricelli also argues that the entry of the sanction after dismissal of the action violates the supervisory rule—announced

Puricelli argues that the sanctions motion suffered from procedural defects (the most significant being the failure to comply with Rule 11's "safe harbor" provisions), the alleged procedural shortcomings do not rise to the level of those associated with a motion inexcusably filed six months too late. Under Local Rule 7.1(c), the District Court was authorized to consider Puricelli's arguments waived, and we do so as well. Accordingly, the District Court did not err in granting the unopposed motion for Rule 11 sanctions.

## B. Morris's Cross-Appeal

Having concluded that the imposition of a sanction was not in error, we turn now to the type of sanction imposed. Although monetary sanctions are not encouraged under Rule 11, they are not forbidden. *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*, 103 F.3d 294, 301 (3d Cir. 1996). We have emphasized that the main purpose of Rule 11 is to deter, not to compensate. *Id*. We have also indicated that "fee-shifting is but one of several methods of achieving the various goals of Rule

---

in *Lingle*, 847 F.2d at 100, and relied upon in *Landon*, 938 F.2d at 453—that a litigant must file a motion for Rule 11 sanctions prior to the entry of final judgment. Here, although the sanction was fashioned after the dismissal, the filing of the sanctions motion, as well as the decision to impose a sanction, occurred before the dismissal. As such, the supervisory rule is not implicated.

11, . . . [and that district courts] should consider a wide range of alternative possible sanctions for violation of the rule." *Zuk*, 103 F.3d at 301 (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194-96 (3d Cir. 1988)). "The language of Rule 11 evidences the critical role of judicial discretion, stating that when the district court determines that a filing is in violation of the rule, the court 'shall' impose sanctions that 'may'—not 'shall'—'include an order to pay' the other party's expenses." *Doering*, 857 F.2d at 194. Moreover, we have encouraged district courts to "consider mitigating factors in fashioning sanctions, most particularly the sanctioned party's ability to pay." *Zuk*, 103 F.3d at 301.

In his cross-appeal, Morris argues that the District Court's refusal to impose a monetary sanction was an error of law. In Morris's view, the District Court erred by giving undue weight to civil proceedings pending in state court pursuant to which Morris could recover his counsel fees. While it is clear from the transcript that the District Court inquired about and gave some consideration to the pendency of the state action, the transcript does not reveal that the District Court would have awarded counsel fees as a sanction but for those proceedings. Rather, its taking into account the state court proceedings was merely one of many factors weighed in determining what sanction to impose.

Consistent with our indication that courts considering monetary sanctions should take into account the party's financial

13

resources, *see Doering*, 857 F.2d at 195-96, the District Court asked a number of questions along those lines. The responses to these questions illustrated that Puricelli is a solo practitioner who runs a relatively modest law practice out of his home. Further, Puricelli has several dependents and, other than his home, does not have significant assets. In this regard, the Court was concerned that Puricelli would have difficulty paying the fees—which exceeded $30,000—sought by Morris. The state court action, in which Morris was also seeking monetary compensation, only added further reason to consider Puricelli's ability to pay as a mitigating factor.

Moreover, the guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct. Viewing the record in its entirety, the District Court did not abuse its discretion in this regard. To the contrary, the sanction imposed was the product of careful deliberation after thorough factual inquiry.

\* \* \* \* \*

Accordingly, we affirm the District Court's rulings on appeal.

14