**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2093
_____

FELICITA SANCHEZ-GARCIA,
                                          Appellant

v.

UNITED STATES OF AMERICA, doing business as
UNITED STATES POST OFFICE

UNITED STATES OF AMERICA,
                                          Third Party Plaintiff

v.

TACONY 19135, LLC; CITY OF PHILADELPHIA,
                                          Third Party Defendants
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-05387)
District Judge: Michael M. Baylson
_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
February 3, 2020
_____

Before: SHWARTZ, SCIRICA, and RENDELL, Circuit Judges.

(Filed: February 11, 2020)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

Plaintiff Felicita Sanchez-Garcia brought a personal injury suit against the United States under the Federal Tort Claims Act ("FTCA"). The parties agreed to settle the case for $75,000, but disputes arose concerning other settlement terms. Sanchez-Garcia moved to enforce the settlement. The District Court granted the motion and the United States sent the settlement check to Sanchez-Garcia.

An appeal bearing Sanchez-Garcia's name was filed, but the brief in support of the appeal raises issues that impact only Sanchez-Garcia's counsel ("Counsel"). Because Sanchez-Garcia has not been injured by the order enforcing the settlement, and because the notice of appeal fails to comply with Federal Rule of Appellate Procedure 3(c), we will dismiss the appeal for lack of jurisdiction.

I

Sanchez-Garcia slipped and fell at a United States Post Office and brought an FTCA action against the United States. The United States filed a third-party complaint against the building's landlord, Tacony 19135, LLC, and the City of Philadelphia. The parties agreed to settle the case, but counsel for the parties could not agree on: (1) language related to the responsibility for taxes; (2) whether Counsel needed to sign the

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

agreement; and (3) to whom the check would be paid. With no resolution of these issues in sight, Counsel moved to enforce the settlement.

The Magistrate Judge who handled the settlement conferences recommended to the District Court that it grant the motion in part and deny it in part. App. 15a, 17a-18a (adopting Sanchez-Garcia v. United States, Civ. A. No. 17-5387, 2019 WL 1168311 (E.D. Pa. Mar. 13, 2019)). The Magistrate Judge found that (1) the settlement agreement was enforceable; and (2) Counsel's signature was not required. Sanchez-Garcia, 2019 WL 1168311, at *3-4. He then recommended that (1) the United States pay its portion of the settlement directly to Sanchez-Garcia; and (2) Sanchez-Garcia "see that [Counsel] is properly compensated in full compliance with the FTCA and with the fee agreement between herself and [C]ounsel." Id. at *4. The District Court adopted the Magistrate Judge's findings and recommendations over Counsel's objections. The United States then sent Sanchez-Garcia a check for the settlement amount. A notice of appeal bearing Sanchez-Garcia's name was filed.[1]

II[2]

---

[1] Sanchez-Garcia filed a notice of appeal from the Magistrate Judge's order, but not the District Court's subsequent order adopting the Report and Recommendation ("R&R"). Her failure to do so does not affect this appeal because we may treat her brief, which was filed within sixty days of the Court's order adopting the R&R, as a timely filed notice of appeal. See Smith v. Barry, 502 U.S. 244, 249 (1991) (holding that opening briefs may be treated as a notice of appeal); Fed. R. App. P. 4(a)(1)(B)(i) (allowing a notice of appeal to be filed within sixty days of an order or judgment when the United States is a party).

[2] The District Court had jurisdiction under 28 U.S.C. § 1346(b)(1). "We assess our own appellate jurisdiction in the first instance." Seneca Res. Corp. v. Township of Highland, 863 F.3d 245, 252 (3d Cir. 2017).

A

Because the issues raised in Sanchez-Garcia's brief concern Counsel, and not her, we must first determine whether she has standing to pursue this appeal. "[A]ny person invoking the power of a federal court," Hollingsworth v. Perry, 570 U.S. 693, 704 (2013), including "persons seeking appellate review," Va. House of Delegates v. Bethune-Hill, 139 S. Ct. 1945, 1951 (2019) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997)), must demonstrate standing to do so," Hollingsworth, 570 U.S. at 704. Thus, "an appealing litigant must demonstrate that [she] has suffered an actual or imminent injury that is 'fairly traceable' to the judgment below and that could be 'redress[ed] by a favorable ruling.'" Food Mktg. Inst. v. Argus Leader Media, 139 S. Ct. 2356, 2362 (2019) (quoting Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149-50 (2010)). The appellant bears the burden of explaining how these elements are met. Bethune-Hill, 139 S. Ct. at 1951.

Sanchez-Garcia lacks appellate standing for three reasons. First, Sanchez-Garcia has not responded to the argument that she lacks standing, and thus, she has failed to carry her burden. This failure alone supports dismissing the appeal. See id. (instructing that "when standing is questioned by . . . an opposing party, the litigant invoking the court's jurisdiction" must explain why she has standing).

Second, Sanchez-Garcia has not been injured by the order enforcing the settlement. On the contrary, she received her agreed-upon relief, and there is no redress we can give her. Indeed, the brief makes clear that any alleged injuries arising from the order were sustained by Counsel, not by Sanchez-Garcia.

4

Third, except in limited circumstances, a litigant cannot rely on the injuries of others to obtain Article III standing. Hollingsworth, 570 U.S. at 708. In those few situations in which a litigant may assert the interests of others and thereby obtain third-party standing, that litigant "still 'must have suffered an injury in fact,'" id. (quoting Powers v. Ohio, 499 U.S. 400, 411 (1991)), and "have consistent interests" with the other party, Amato v. Wilentz, 952 F.2d 742, 749 (3d Cir. 1991). Sanchez-Garcia does not satisfy either requirement. As already stated, Sanchez-Garcia has suffered no injury from the order enforcing the settlement. Moreover, even if she had suffered an injury from the order, she cannot show that she and Counsel "have consistent interests." Amato, 952 F.2d at 749. Indeed, their interests are not aligned because she already enjoys an enforceable settlement, while Counsel seeks to disturb the settlement to ensure he obtains his fee.

For these reasons, Sanchez-Garcia lacks appellate standing.

B

We lack jurisdiction to review this appeal for two additional reasons. First, where, as here, a party's attorney is the real party in interest, we will not review an appeal brought in the client's name. Cf. Collier v. Marshall, Dennehey, Warner, Coleman & Goggin, 977 F.2d 93, 95 (3d Cir. 1992) ("[W]hen sanctions are imposed only upon the attorney and the notice of appeal is in the name of the client alone, we are jurisdictionally barred from considering an appeal of the order imposing sanctions against the attorney."); see also Hollingsworth, 570 U.S. at 708 (stating the "fundamental restriction on our

5

authority" is that "a litigant must assert his or her own legal rights and interests" (quoting Powers, 499 U.S. at 410)).

Second, the notice of appeal fails to comply with Rule 3(c), which provides that the notice of appeal must "specify the party or parties taking the appeal." This is a jurisdictional requirement. Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988). The appeal here asserts injuries sustained not by Sanchez-Garcia, but by Counsel. Thus, while Counsel's interests are at stake, his name is absent from the notice of appeal. As a result, the notice of appeal is jurisdictionally deficient.

III

For the foregoing reasons, we will dismiss the appeal.