DLD-364                                                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1833
_____

ROBERT FRIEDLAND,

Appellant

v.

DONNA ZICKEFOOSE; DR. LOPEZ; JOHN DOE; JOE DOE; HILARY CLINTON;
MR. SAMUELS; DR. MICHAEL NELSON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-12-cv-06010)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: August 8, 2013)
_____

OPINION
_____

PER CURIAM

Robert Friedland, a federal inmate proceeding pro se, appeals from the District

Court's order denying, among others, his motion for an injunction and a temporary

restraining order, and his motion for a protective order. For the reasons set forth below, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Friedland filed a complaint, pursuant to 42 U.S.C. § 1983, alleging various violations of his Eighth Amendment rights by the Bureau of Prisons ("BOP"), its employees, and officials.[1] Shortly thereafter, he filed a motion for an injunction and a temporary restraining order. (Dkt. No. 4.) His complaint and motion contained substantially the same allegations. He claimed that when he entered the Federal Correctional Institution at Fort Dix ("FCI-Fort Dix") on June 1, 2012, he was suffering from "a brain lesion, kidney disease, prostate issues, a damaged vagus nerve," and stomach problems. (Id. p. 1.) After seeing a staff nurse and doctor, Friedland was sent for an MRI in August, 2012. (Dkt. No. 1, p. 6.) He alleged that the MRI revealed that a "brain lesion" he discovered prior to his incarceration had increased in size. (Id.) Friedland claimed that he did not receive medical care, except for being given Tylenol.

In his motion for an injunction and a temporary restraining order, Friedland admitted that he was seen by several doctors, including a neurosurgeon. They advised him that surgery was dangerous and requested another MRI. (Dkt. No. 4, p. 3.) Friedland also claimed that he was seen at sick call thirty-five times over sixty days, but

_____

[1] Presumably the District Court construed the case as being brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which creates a cause of action against the federal government analogous to a § 1983 action against the states.

was not examined by a doctor except for the one time he was told "he was going to die or be brain damaged." (Id. p. 4.) Friedland then started a grievance procedure with the BOP because he claimed he was only being treated for his brain lesion and high blood pressure, while his "other illnesses" were ignored. (Id.)

The District Court held a hearing on March 1, 2013, to address Friedland's numerous motions. After listening to testimony and argument from the parties, the District Court denied Friedland's motion for an injunction and a temporary restraining order, and his motion for a protective order. (Dkt. Nos. 4, 18.) His motions to compel discovery, for entry of default and summary judgment, and for "immediate release and notice of short hearing" were also denied. (Dkt. Nos. 18, 20, 21, 33.) Friedland timely appealed. (Dkt. No. 39.)

## II.

We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the District Court's denial of Friedland's motion for an injunction and a temporary restraining order, and his motion for a protective order, but not over the other orders from which he appeals.[2] See Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir.

---

[2]With certain exceptions not relevant here, our jurisdiction is limited to reviewing "final decisions." 28 U.S.C. § 1291. A decision generally is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 376 (3d Cir. 2005) (citation and quotation marks omitted). The District Court's denial of Friedland's motions to compel discovery, for entry of default and summary judgment, and for immediate release are not final orders.

3

2012); United States v. Santini, 963 F.2d 585, 591 (3d Cir. 1992). We review the denial of a motion for an injunction and a temporary restraining order for abuse of discretion, though we review the underlying factual findings for clear error and underlying legal conclusions de novo.[3] Sidamon-Eristoff, 669 F.3d at 366. A plaintiff seeking an injunction must show, among other factors, a likelihood of success on the merits, and the failure to do so "must necessarily result in the denial of a preliminary injunction." Id. (citation and quotation marks omitted).

In this case, the District Court concluded that Friedland had not shown a likelihood of success on the merits. We perceive no abuse of discretion. We agree with the District Court that Friedland's Eighth Amendment claims required a showing of deliberate indifference to his serious medical needs by the BOP, and that he failed to make that showing. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Friedland testified, and the record reflected, that the BOP routinely addressed and treated all of his medical complaints. For example, Friedland admitted that after reporting to sick call and complaining of a rash, he received a prescription for Prednisone and blood pressure medication. (Tr. from March 1, 2013 hearing ("Tr.") at 37:4-12.) He also admitted that he was given an MRI, received an x-ray of his abdomen after complaining of a history of kidney stones, had his blood drawn for a PSA test, saw a neurosurgeon and urologist, and received Toradol shots for his headaches. (Tr. at 37:13-39:2; 40:3-20.) The District

---

[3] We also review the District Court's denial of a protective order for abuse of discretion. Shingara v. Skiles, 420 F.3d 301, 305 (3d Cir. 2005).

Court noted that Friedland had "piles of medical records" with him at the hearing pertaining to his treatment at FCI-Fort Dix. (Id. at 43:13-14.) Further, the neurosurgeon's reports stated that Friedland did not need surgery. (Id. at 50:13-14).

For all of the reasons given by the District Court, we agree that there was "no proof" that the BOP acted with deliberate indifference to his serious medical needs. (Tr. at 78:3-79:25.) The District Court did not abuse its discretion when it determined that Friedland was not likely to prevail on the merits of his Eighth Amendment claims and, therefore, he was not entitled to an injunction, temporary restraining order, or protective order. [4] (Tr. at 79:25.) Because Friedland did not demonstrate a likelihood of success, we need not address the other injunction factors. Sidamon-Eristoff, 669 F.3d at 366.

### III.

Because no substantial question is presented on appeal, see 3d Cir. L.A.R. 27.4 and I.O.P. 10.6, we will affirm the District Court's denial of Friedland's motions for an injunction, a temporary restraining order, and a protective order. All pending motions are denied.

---

[4] There was some discussion during the March 1, 2013 hearing regarding Friedland's failure to exhaust his administrative remedies, and the District Court may have intended to dismiss his complaint on that basis. (Tr. at 81:21-82:10). However, the District Court's order specifically denies only Friedland's pending motions, and does not mention his complaint. (Dkt. No. 36.) For purposes of this appeal, the language in the order is controlling. See, e.g., Eakin v. Continental Ill. Nat'l Bank & Trust Co., 875 F.2d 114, 118 (7th Cir. 1989) ("In the event of a conflict between the opinion and judgment, the judgment controls.").