DLD-052                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2655
_____

ROBERT FRIEDLAND,
                                  Appellant

v.

DONNA ZICKEFOOSE; JAMES HOLLINGSWORTH, Warden, FCI Fort Dix;
DIRECTOR DEPARTMENT OF MEDICAL SERVICES, at FCI Fort Dix;
CHARLES E. SAMUELS, JR., Commissioner, Federal Bureau of Prisons;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-12-cv-06010)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2020
Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Robert Friedland appeals from the District Court's order granting the defendants' motion to dismiss and for summary judgment. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Friedland began serving a criminal sentence at FCI Fort Dix in June 2012. In September 2012, he filed a complaint in the District Court, raising various Bivens claims that his Eighth Amendment rights were being violated because he was not receiving medical treatment for a hernia, a brain lesion, and numerous other medical conditions. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). The District Court held a hearing and denied Friedland's requests for a temporary restraining order and injunctive relief. We affirmed that ruling. Friedland v. Zickefoose, 538 F. App'x 122, 124 (3d Cir. 2013).

Friedland then filed many motions, including several motions to amend his complaint. In his operative amended complaint, Friedland alleged that his Eighth Amendment rights were violated because: (1) he was assigned to work in the kitchen without adequate protective equipment, resulting in burns and nerve damage; (2) he was placed in a third-floor housing unit even though his medical conditions prevented him from walking up steps without suffering weakness and blackouts; and (3) his medical requests for hernia surgery were denied. Friedland named as defendants the wardens at

2

FCI Fort Dix, the medical director at FCI Fort Dix, and the Commissioner of the Federal Bureau of Prisons.

After the amended complaint was filed, the defendants moved to dismiss the case because the docket sheet indicated that Friedland had not been granted in forma pauperis status and had not paid the filing fee. The District Court granted the motion and dismissed the case. We vacated and remanded, noting that the District Court had recently changed its policy regarding the posting of payments to the docket, and the Finance Department records showed that Friedland had paid the fee. See Friedland v. Zickefoose, C.A. No. 18-2006 (order entered Dec. 12, 2018).

On remand, the defendants filed a motion to dismiss and for summary judgment, arguing that Friedland failed to exhaust available administrative remedies in accordance with the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), and that he failed to state a claim. After providing notice pursuant to Paladino v. Newsome, 885 F.3d 203, 211 (3d Cir. 2018), and an opportunity to respond, the District Court granted the defendants' motion, determining that Friedland had failed to exhaust his claims based on his kitchen assignment, housing assignment, and request for hernia surgery. To the extent that Friedland's complaint raised other medical needs claims, the District Court dismissed them for failure to state a claim, concluding that Friedland failed to allege that any of the named defendants were personally involved in the alleged misconduct. The District Court denied Friedland's request for sanctions based on the defendants' filing of the motion to dismiss for failure to pay the filing fee. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291.[1] "We review the determination of a failure to exhaust de novo," but we will "accept the [District] Court's factual conclusions unless clearly erroneous." Small v. Camden County, 728 F.3d 265, 268 (3d Cir. 2013). We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the denial of a motion for sanctions for abuse of discretion. See DiPaolo v. Moran, 407 F.3d 140, 144 (3d Cir. 2005). We may summarily affirm on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

The District Court properly granted judgment as a matter of law in favor of the defendants on the kitchen assignment, housing assignment, and hernia surgery claims

---

[1] The District Court indicated that its dismissal of some claims was without prejudice. Generally, a dismissal without prejudice is "neither final nor appealable because the deficiency may be corrected," but the dismissal will be final and appealable if the plaintiff "declares his intention to stand on his complaint." Borelli v. City of Reading, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam). Friedland has expressed "a clear and unequivocal intent to decline amendment," Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019), as he appealed to this Court rather than filing an amended complaint, and his jurisdictional response indicates that he wishes to stand on the operative amended

4

because Friedland failed to exhaust available administrative remedies. The PLRA requires prisoners to exhaust available administrative remedies before bringing a suit alleging unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a); see Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) (noting that § 1997e(a) "applies equally to § 1983 actions and to Bivens actions") (citation omitted). As the District Court explained, Friedland exhausted two grievances, but neither "alert[ed] the prison to the nature of the wrong for which redress is sought." Mack v. Warden Loretto FCI, 839 F.3d 286, 295 (3d Cir. 2016) (quotation marks and citation omitted). The grievances failed to mention Friedland's complaints regarding his kitchen assignment and housing assignment. And while the grievances referenced his hernia pain, Friedland stated that he was seeking only pain medication — not surgery — to alleviate that issue. Thus, Friedland failed to exhaust his Bivens claims.

In any event, to the extent that Friedland exhausted any medical needs claims, including claims related to his hernia, those claims were properly dismissed for failure to state a claim. Friedland failed to allege that any of the named defendants were personally involved in the alleged mistreatment, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), let alone that the named defendants were deliberately indifferent to Friedland's medical needs, see Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017).

---

complaint.

5

The District Court properly denied Friedland's motion for unspecified sanctions based on the defendants' filing the motion to dismiss for failure to pay the filing fee. The defendants' motion was filed in good faith after reasonable investigation of the issue, <u>see generally</u> Fed. R. Civ. P. 11, as the docket suggested that Friedland had not paid the fee and had not been granted leave to proceed in forma pauperis. <u>See</u> <u>Friedland v. Zickefoose</u>, C.A. No. 18-2006 (order entered Dec. 12, 2018).

For the foregoing reasons, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.