**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4184
_____

DEBORAH L. SHINE,
                                    Appellant

v.

BAYONNE BOARD OF EDUCATION;
JOHN DOES 1-5;
JANE DOES 1-5
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-13-cv-02784)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2015

Before: CHAGARES, KRAUSE, and BARRY, *Circuit Judges*

(Filed: September 22, 2015)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*:

Deborah Shine appeals the dismissal with prejudice of her employment discrimination and constitutional claims against the Bayonne Board of Education (the "Board"), as well as the subsequent grant of sanctions against her attorney.[1] Because Shine's claims were time barred and her counsel compelled the Board to engage in wasteful, needless, and avoidable litigation, we will affirm.

## I.    Background

Because we write primarily for the parties, we recite only those facts necessary to our conclusion. From 2005 to 2009, Shine served in various teaching and administrative capacities for the Board. She was then granted a year-long leave of absence and returned to the Board as a special education teacher for the 2010-11 school year. Upon her return, she sent a detailed letter to the Superintendent of Schools, alleging that the Board had failed to promote her to a permanent administrative position because of her sex and race. Though her letter was forwarded to the U.S. Equal Employment Opportunity Commission ("EEOC"), she neither filed a formal charge of discrimination nor received a right to sue letter.

Shine alleges that at intermittent periods during the 2010-11 school year, she served as acting principal at her school, but unlike similarly situated male employees, she

---

[1] The District Court had jurisdiction to hear the case under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291.

was not compensated for this additional work. Shine submitted a letter of resignation to the Board on March 3, 2011, and worked her last day on May 6, 2011.

Shine brought suit in the District Court for the District of New Jersey on April 30, 2013, alleging violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), Title IX of the Education Amendments of 1972, and the Conscientious Employment Protection Act ("CEPA"), as well as common law claims of constructive discharge and breach of the implied covenant of good faith and fair dealing. Shine withdrew her CEPA claim and the Board moved to dismiss all remaining causes of action except the breach of implied covenant of good faith and fair dealing claim, arguing that they were time barred. The District Court largely agreed, dismissing all but the Title VII claim and providing Shine thirty days to amend. The Court also ordered that when filing her amended complaint, Shine needed to plead that she exhausted her Title VII administrative remedies. Finally, the Court also ordered that to the extent Shine believed she was underpaid as a result of discrimination, she needed to specifically allege when such underpayment occurred.

In the first step of a concerning pattern, Shine's counsel late filed a largely identical First Amended Complaint ("FAC") that did not attempt to remedy the myriad deficiencies noted by the District Court and that even included the CEPA claim Shine's counsel previously had withdrawn. In response, the Board made numerous requests to Shine's counsel that he remedy his error, and Shine's counsel admitted the filing was a mistake and agreed to withdraw the pleading. Despite these promises, however, he never

3

did so. Thus, thirty-five days after initially notifying Shine's counsel of the deficient FAC, and after repeatedly warning him that it would move for sanctions if the filing was not withdrawn, the Board moved to strike and requested sanctions in the amount of the fees and costs it incurred in doing so.

Continuing his troubling course of conduct, Shine's counsel late filed his response to the Board's motion. In doing so, some fifty-five days after first being notified of his error, he effectively withdrew the FAC by attaching a proposed Second Amended Complaint ("SAC") and requesting leave to file it. Though the SAC put forward new claims under the Employee Retirement Income Security Act ("ERISA") and the New Jersey Wage Payment Law ("NJWPL"), it again made few substantive additions and again failed to plead administrative exhaustion under Title VII.

The District Court denied leave to amend, finding the SAC procedurally deficient and substantively futile. It dismissed with prejudice the § 1983 and discrimination claims, and dismissed without prejudice the breach of implied covenant of good faith and fair dealing, NJWPL, and ERISA claims.[2] The District Court then granted the Board's motion for sanctions, awarding it fees and costs as a result of Shine's counsel's failure to withdraw an admittedly deficient, repetitive, and unresponsive pleading. Pursuant to the

---

[2] Shine does not appeal the dismissal of these claims.

4

instructions of the District Court, the Board submitted a certification of its costs. Shine's

counsel did not respond, and the Court granted sanctions in the amount of $12,132.11.[3]

## II.  Discussion

Shine's briefing is not a model of clarity. It appears, however, that she argues,

first, that the § 1983 and discrimination claims in the SAC were not futile; second, that

the District Court erred in sanctioning her attorney; and third, that the District Court

should have recused itself due to a perceived conflict. We address these issues in turn,

reviewing the first two for abuse of discretion, *see Great W. Mining & Mineral Co. v.*

*Fox Rothschild L.L.P.*, 615 F.3d 159, 163 (3d Cir. 2010) (leave to amend); *DiPaolo v.*

*Moran*, 407 F.3d 140, 144 (3d Cir. 2005) (sanctions), and the third for plain error, *see*

*Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 166 (3d Cir. 2004).

### A.  Denial of Leave to Amend

Shine first argues that the District Court abused its discretion in failing to allow

her SAC. We disagree. After a party has amended its complaint once, it may do so again

"only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). While leave to amend should be granted freely, a court may deny a motion to

amend where there is "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

---

[3] The District Court ordered that sanctions be lodged against Shine's counsel, rather than Shine.

5

the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014).  A claim is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim." *Budhun*, 765 F.3d at 259.  And a complaint, in turn, fails to state a claim where a plaintiff fails "to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Here the District Court correctly found that, considering the allegations of the SAC along with the indisputably authentic documents upon which the complaint was based, *see Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), Shine failed to state a claim.

Shine's § 1983, Title IX, and Title VII claims center around the failure of the Board to provide her with a permanent administrative position prior to her leave of absence.[4]  Because § 1983 and Title IX have no statute of limitations, such claims must be brought pursuant to New Jersey's two-year statute of limitations for personal injury torts.  *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 77-78 (3d Cir. 1989).  That limitations period "begins to run[] 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City*

---

[4] To the extent Shine also alleges an ongoing hostile work environment or constructive discharge, her complaint utterly fails to provide sufficient factual underpinnings for such a claim.  *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (second alteration in original).

6

*of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). Here the limitations period began to run, at the latest, on August 26, 2010, when Shine provided her detailed allegations of discrimination to the Superintendent of Schools. Her claims, brought more than two years later, therefore fail as a matter of law.[5]

Shine's EPA claim, based upon her allegation that she was not properly compensated when she intermittently assumed administrative duties, similarly fails. The two-year limitations period for a violation of the EPA begins when a plaintiff receives her last offending paycheck. *See Cardenas v. Massey*, 269 F.3d 251, 257 (3d Cir. 2001). Thus, Shine must have received her last offending paycheck after April 30, 2011—the very end of her tenure with the Board—in order for her claim to survive.[6] But although given numerous opportunities to specify *when* this unequal pay occurred, she

---

[5] Shine's argument that her claims are saved by the continuing violations doctrine is without merit. The continuing violations doctrine allows a plaintiff in limited circumstances to pursue a claim for discriminatory conduct that is otherwise time barred if at least one act that constitutes the ongoing claim falls within the applicable limitations period. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165-66 (3d Cir. 2013). A discrete act, however, like Shine's failure to promote claim, does not qualify for relief under the doctrine. *See id.* at 165.

[6] Shine did not adequately plead that the Board committed a willful violation that would extend the EPA's statute of limitations to three years. 29 U.S.C. § 255(a). A violation is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Shine pleaded no facts plausibly alleging that the Board acted with knowledge or reckless disregard of its legal obligation, and instead stated in a conclusory fashion that "Defendant violated the Equal Pay Act when it compensated Plaintiff [at] a rate of pay substantially below that paid to male counterparts, whose positions required the performance of substantially equal work." App. A216.

failed to do so, and the District Court thus did not abuse its discretion when it denied leave to amend.

Finally, while there were a number of bases for it do so, the District Court properly found Shine's Title VII claims futile for failure to exhaust her administrative remedies. Title VII requires a plaintiff to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory practice, or 300 days where there was an appropriate cross-filing of a charge with a state agency. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001). Failure to exhaust administrative remedies is generally fatal to a Title VII claim. *See, e.g.*, *Webb v. City of Phila.*, 562 F.3d 256, 262-63 (3d Cir. 2009). Shine does not dispute that she failed to exhaust her administrative remedies, and thus the District Court properly found that she failed to state a claim.[7]

### B. Grant of Sanctions

The District Court was also within its discretion to sanction Shine's counsel under Rule 11. Rule 11 "is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Lieb v. Topstone Indus. Inc.*, 788 F.2d 151, 157 (3d Cir. 1986)

---

[7] Shine focused much of her brief on whether or not administrative remedies need to be exhausted under Title IX, rather than Title VII. While it is true that Title IX has no such requirement, the District Court clarified for Shine that she needed to plead that she exhausted her Title VII claim. In any event, both Shine's Title VII and Title IX claims were time barred as a matter of law. *See supra* at 6-8.

(internal quotation marks omitted). Shine argues that her counsel's submission of the nearly identical FAC was accidental. So it may have been. It is clear, however, that the District Court did not impose sanctions for counsel's inadvertent filing, but rather for his repeated refusal to withdraw an admittedly deficient document, despite numerous promises to do so. The District Court rightly determined that as a result of this conduct, the Board was forced to file a motion to strike a document that all parties long understood was deficient. Rule 11 sanctions are meant to deter precisely this form of redundant and avoidable litigation, and these sanctions were appropriately tailored by the District Court to the specific costs incurred by the Board in moving to strike. *See Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 193 (3d Cir. 1988) (stating that Rule 11 "provides for compensation to defendants to reimburse them for legal fees that they should not have been forced to incur").

## C. Recusal

Shine's final argument, that the District Court should have disclosed and recused itself based on an alleged social relationship between the District Judge and an individual who happens to share real estate with the President of the Board, fares no better.

Section 455(a) of Title 28 of the United States Code provides that "any . . . judge . . . of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The test for recusal is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l, Ltd.*, 368 F.3d 289,

9

296 (3d Cir. 2004) (internal quotation mark omitted). Where, as here, a party raises a recusal argument for the first time on appeal, we review the District Court's decision not to recuse for plain error. *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 166 (3d Cir. 2004).

Upon a careful review of the record, and in view of the indirectness and remoteness of the relationship alleged, we find nothing that would lead a reasonable person to question the District Court's impartiality. *See In re Kensington*, 368 F.3d at 296; *see also Cheney v. U.S. Dist. Ct.*, 541 U.S. 913, 916 (2004) (Scalia, J.) (in chambers) (noting that friendship, without more, is ordinarily not a grounds for recusal). Accordingly, the District Court did not plainly err in its failure to disclose or to recuse sua sponte.

* * *

For the above stated reasons, we will affirm the District Court's Orders dismissing Shine's § 1983 and discrimination claims with prejudice and sanctioning Shine's counsel. Finding no error whatsoever, we will also affirm the District Court's decision not to sua sponte recuse itself from this matter.