**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1863
_____

CE'MONNE HANNA,
Appellant

v.

GIANT EAGLE INC;
BENJAMIN SIMMONS, in his official capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-15-cv-01009)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 30, 2019
_____

Before: RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: September 18, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Plaintiff Ce'monne Hanna appeals the dismissal of her suit against her former employer Giant Eagle for alleged racial discrimination leading to her constructive termination. She seeks a new trial based on her belief that the District Court allowed Giant Eagle to present certain evidence in violation of both the rules of discovery and the rules of evidence. For the reasons that follow, we will affirm.

## I.

We presume the parties' familiarity with this case and only set out the facts as needed for the discussion below. Ce'monne Hanna brought suit against her former employer Giant Eagle on the basis of alleged racial discrimination that forced her to quit her job as a pharmacy technician. She filed her Complaint in Pennsylvania state court, but Giant Eagle removed it to the District Court. The District Court granted partial summary judgment in favor of Giant Eagle on Hanna's claims of: (1) racial discrimination with respect to alleged unfair discipline based on Hanna's attendance; (2) constructive discharge; and (3) retaliation. It held a jury trial on the rest of Hanna's claims.

After a six-day trial, the jury returned a unanimous verdict in favor of Giant Eagle on all of Hanna's remaining claims. Accordingly, the District Court entered Judgment in favor of Giant Eagle pursuant to Fed. R. Civ. P. 58. Hanna filed the instant appeal on the same day.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

**III.**

Hanna comes before us with a variety of claims regarding the District Court's alleged procedural errors throughout her trial, each of which she believes is cause for a new trial. None of her claims withstand scrutiny.

First, Hanna argues that the District Court committed legal error by allowing Giant Eagle to introduce evidence at trial that its representative said did not exist during his Fed. R. Civ. P. 30(b)(6) deposition testimony. Her argument finds no support in the law. Rule 30(b)(6) testimony binds a corporation in that it is "deemed to be the testimony of the corporation itself," not "something akin to a judicial admission." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 212 (E.D. Pa. 2008). This remains true whether the testimony speaks to factual or legal issues.[1] As testimony, it may be contradicted or used for impeachment at trial, which was the case here. Thus, no error occurred.

Second, Hanna claims that the District Court erred by denying her request to introduce certain documents into evidence after the close of all testimony. We traditionally do not interfere with a district court's evidentiary ruling unless it constitutes an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). Here, where

---

[1] Hanna claims that *State Farm* stands for the proposition that a corporation is bound at trial by factual statements made during a Rule 30(b)(6) deposition. As grounds, she argues that this Court explicitly stated that legal conclusions made during such a deposition are not binding on the corporation, see *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 229 n.9 (3d Cir. 2009), but remained silent on factual statements like those reviewed in *State Farm. Ipso facto*, she claims, factual statements *are* binding. Simply put, we do not agree.

Hanna sought to introduce documents to the jury without the benefit of descriptive testimony or the opportunity for Giant Eagle to respond, the District Court was well within its discretion to deny her request.

Next, Hanna argues that the District Court should have declared a mistrial or, in the alternative, sanctioned Giant Eagle when a trial witness contradicted Giant Eagle's statement during discovery that the pharmacy did not have video cameras. Either remedy would be extreme, and neither is appropriate here. First, our Court is not in the practice of granting mistrials in the face of alleged prejudicial trial events, and we decline to follow Hanna's suggestion that we adopt the Pennsylvania practice of doing so.[2] *See Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa. Super. Ct. 2009) (noting that the trial court has the discretion to grant a mistrial in response to an overly prejudicial event). Second, the District Court did not abuse its discretion in declining to impose a sanction when the discovery error had no impact on the issue being tried.[3] *See DiPaolo v. Moran*, 407 F.3d 140, 144 (3d Cir. 2005) (applying an abuse of discretion standard to a district court's sanctions determination under Fed. R. Civ. P. 11).

---

[2] Generally, a mistrial is not granted unless the errors are so gross as to cause prejudice and the prejudice has not been neutralized by the trial judge. *See, e.g., Dunn v. Hovic*, 1 F.3d 1371, 1377–78 (3d Cir. 1993) (citing *Draper v. Airco, Inc.*, 580 F.2d 91, 97 (3d Cir. 1978)).

[3] Hanna's discovery requests included one request for video recordings—specifically, recordings from May 9, 2014, the date she allegedly suffered harassment at work. Per Giant Eagle's discovery response, the recording on the date in question had already been overwritten as part of Giant Eagle's general practice of overwriting recordings after thirty days.

4

Hanna finally argues that the District Court erred by refusing to vacate its grant of summary judgment in favor of Giant Eagle after being made aware of the discovery issues discussed above. Because we find no error in the District Court's disposition of each of these issues, we have no reason to disturb its ruling here.

**IV.**

For the foregoing reasons, the judgment of the District Court will be affirmed.