**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1166
_____

ANTRON TALLEY,
Appellant

v.

MR. ORLANDO H. HARPER, Warden; MR. EMERICK, Deputy Warden;
MR. WAINWRIGHT, Major; MR. DEMORE, Major;
MR. FERGUSON, Kitchen Super.; MRS. ROBIN DEVAUGHN, Medical Super.;
MR. RODRIGUEZ, Doctor; MRS. JACK, Doctor;
SUEZANNE LARRY, Physician Ass.; MRS. SARAH, Nurse;
MARIA BETH LONG, Nurse; MRS, CARLA IVAN, Nurse; MR. BEASON, Captain;
MR. KASS, Sergeant; MR. ANDREASICK, Sergeant; MR. RUBBLE, Sergeant;
MR. RAIBLE, (CERT) Sgt.; MR. ARLOTTA, Correction Off.;
MR. MAZZAOCCA, Correction Off.; MR. BROJOVICH, Correction Off.;
MR. ZOLLER, Correction Off.; MR. BOSAK, Correction Off.;
MR. BUTLER, Correction Off.;
CORRECTION OFFICER WORRAL, CERT Team Member;
CORRECTION OFFICER DUNHAM, CERT Team Member;
CORRECTION OFFICER WAGNER, CERT Team Member;
CORRECTION OFFICER NEYMAN, CERT Team Member;
CORRECTION OFFICER DEVLIN, CERT Team Member
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-01411)
Magistrate Judge:  Honorable Cynthia R. Eddy (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 27, 2022
Before:  MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 12, 2022)

_____

OPINION[*]

_____

PER CURIAM

Antron Talley, proceeding pro se and in forma pauperis, appeals from a judgment entered after a jury trial on claims related to his treatment while incarcerated at Allegheny County Jail (ACJ). For the following reasons, we will affirm.

Talley filed this action in the Western District of Pennsylvania in 2014, pursuant to 42 U.S.C. § 1983, alleging a wide array of misconduct by ACJ staff. The parties consented to the jurisdiction of a Magistrate Judge, see 28 U.S.C. § 636(c), and the scope of Talley's claims was narrowed through amendments and dismissals. The subsequent discovery was marked by Talley's assertions that the remaining defendants were withholding evidence, mostly focused on possible video evidence and administrative records reflecting alleged uses of force against him by ACJ corrections officers. In April 2018, the Magistrate Judge conducted a discovery hearing, at which the defendants represented that they had already produced all video and documentary evidence in their possession, despite Talley's contrary assertion. The Magistrate Judge then went through Talley's specific discovery requests one-by-one and confirmed defense counsel's position that they had produced all responsive material in their possession, or sustained objections

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

that the requests were overbroad. See generally Hr'g Tr. 15–30, ECF No. 307.[1] Less than a month after the hearing, Talley moved to sanction defendants for allegedly withholding this evidence, see Fed. R. Civ. P. 37, then subsequently asked to withdraw that motion, which the Magistrate Judge allowed.

In January 2020, the parties proceeded to a jury trial. Talley continued to argue that the defendants were withholding crucial evidence and asked the Magistrate Judge to impose sanctions and to instruct the jury that it could draw a negative inference based on spoliation of this evidence by defendants. The Magistrate Judge denied his requests on the record but gave Talley wide leeway to examine witnesses on the existence of the purported video and documentary evidence and permitted him to argue to the jury that such evidence should be present. Talley took full advantage of this opportunity in his questioning and his closing arguments. Nonetheless, the jury found in favor of the defendants on all counts. Talley timely filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We note that Talley has specifically limited the scope of his appeal in his briefing, declaring his intent to challenge only the Magistrate Judge's rulings on his motion for sanctions against defendants and on his request for a spoliation inference. See Appellant Br. 1, ¶ 1(a)–(b). Indeed, he tells us that "[t]he only issue that is in[]front of this Honorable Court is that the [Magistrate Judge] abused her discretion when deciding the evidentiary issue of spoliation." Id. at 7, ¶5.[2] We

---

[1] The transcript bears the date "April 2, 2014," see ECF No. 307 at 1, but that date is clearly an inadvertent typographical error. The docket reflects that said hearing was conducted on April 2, 2018. See ECF No. 163.

[2] We note that the medical defendants in whose favor the Magistrate Judge granted

therefore will limit our discussion to this issue. See generally Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

We review for abuse of discretion the denial of a motion for sanctions, see DiPaolo v. Moran, 407 F.3d 140, 144 (3d Cir. 2005), and the denial of a spoliation inference, see McMunn v. Babcock & Wilcox Power Generation Grp., Inc., 869 F.3d 246, 268 (3d Cir. 2017). Thus, we will reverse only if the District Court's decision was based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Adams v. Ford Motor Co., 653 F.3d 299, 304 (3d Cir. 2011) (quoting Bowers v. NCAA, 475 F.3d 524, 538 (3d Cir. 2007)).

When "there is evidence that one party has destroyed or altered evidence, the opposing party can obtain a 'spoliation inference, that the destroyed evidence would have been unfavorable to the position of the offending party.'" McMunn, 869 F.3d at 268 (quoting Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994)). To support a motion for a spoliation inference, the movant must show that: "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and[] the duty to preserve the evidence was reasonably foreseeable to the party." Bull v. UPS, 665 F.3d 68, 73 (3d Cir. 2012).

---

summary judgment have filed a brief arguing that Talley's appeal does not encompass that disposition. Based on Talley's concession of the point in his opening brief, see Appellant Br. 3 ("The reason the Appellant does not discuss the Medical Defendant[s] in this appeal is [that] they were eventually granted Summery (sic) Judgment."), we agree.

4

First, Talley challenges the Magistrate Judge's 2018 order regarding his motion for sanctions. However, the order Talley references granted his own request to withdraw the motion for sanctions and accordingly denied the motion as moot. See ECF No. 178 at 2 ("The Plaintiff is respectfully asking this Honorable Court to . . . withdraw [the] motion for sanctions . . . ."); ECF No. 180 (text order) ("Plaintiff's request to withdraw his . . . Motion for Sanctions filed 4/30/2018 is GRANTED and that motion is therefore denied as moot."). Talley does not identify any error in the Magistrate Judge's decision to grant his request to withdraw his motion, and none is apparent to us.

Second, Talley challenges two oral decisions of the Magistrate Judge rendered during trial on January 14 and 15, 2020, which denied Talley's request for a spoliation inference and his renewed request for sanctions. In rendering the decision on January 14, the Magistrate Judge specifically noted that she would revisit the issue the following day. See Trial Tr. 191, ECF No. 309. On January 15, after hearing the parties' further argument on the issue, the Magistrate Judge denied Talley's requests on the record with a thorough discussion of her reasons for doing so, including relevant citations. See Trial Tr. 50–54, ECF No. 310. Despite Talley's argument that witness testimony and written policies had established that certain evidence should have existed but was not disclosed, the Magistrate Judge "found no evidence of consciously destroying or altering this evidence. It's been a good number of years. There was some testimony that video may be taped over, and that all of this, the evidence and other logs, could be held in a large room that were difficult to find." Id. at 53. Nonetheless, the Magistrate Judge explained to Talley that he could argue to the jury that the evidence should have existed, though he

5

was not permitted to solicit the jury's speculation about why the evidence had not been produced. Id. at 53–54.

We conclude that the Magistrate Judge did not abuse her discretion here. While the record before the Magistrate Judge was ambiguous about whether the evidence Talley sought ever existed, there was no evidence that the defendants' failure to produce that evidence was in bad faith. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 292 (3d Cir. 2018) ("[A] spoliation inference requires, among other things, actual suppression or withholding of evidence . . . ." (internal quotation marks omitted)); see also Bull, 665 F.3d at 79 ("[A] finding of bad faith is pivotal to a spoliation determination."). As we have explained, "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed." Bull, 665 F.3d at 79 (quoting Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995)). We are satisfied that the Magistrate Judge's conclusion that Talley had not made the necessary showing of bad faith did not rest on a "clearly erroneous assessment of the evidence." Adams, 653 F.3d at 304 (quotation marks omitted). Moreover, Talley cogently argued to the jury that the absence of certain evidence was suspicious, both in his questioning of witnesses and even more forcefully in his closing arguments. See Trial Tr. 113–121, ECF No. 130. The jury's decision to find in the defendants' favor despite those arguments does not equate to judicial error.

We find that the Magistrate Judge ably oversaw this litigation, providing pro se litigant Talley with thoughtful and patient instruction well within both the scope of her duty and the bounds of propriety throughout the proceedings. The Magistrate Judge did

6

not abuse her discretion in denying Talley's requests to impose sanctions or to issue the jury an adverse-inference instruction regarding spoliation. Accordingly, we will affirm.