**CLD-008**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2171
_____

LAVOND A. HILL,
Appellant

v.

JOHN E. WETZEL; ROBERT GILMORE, Superintendent of SCI Greene; MICHAEL
ZAKEN; MARK DIALESANDRO; COIII. LT. LEGGETT; JELLOTS; MORRIS; DR.
RAMIREZ; SCI GREENE C/O ROBERT HOLLOWOOD; LISA FISCUS; GILL;
MACEK; T. WERXMAN; SUTTON; JOHN DOE; PUSHKALAI PILLAI; ALICIA
BERGER; BRITTINY CHIAVETTI; DUSTIN DREHER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Action No. 2:19-cv-00960)
District Judge: Honorable Stephanie L. Haines
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.
October 10, 2024

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 25, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Appellant Lavond A. Hill, a Pennsylvania prisoner, appeals pro se and in forma pauperis from District Court orders granting summary judgment in favor of Dr. Pushkalai Pillai and Alicia Berger ("medical defendants") and denying numerous underlying motions. Because the appeal does not present a substantial question, we will summarily affirm the District Court's orders.

I.

Hill filed an amended complaint alleging First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment and related state-law violations while housed at SCI Greene. The medical defendants filed a motion to dismiss. The Magistrate Judge recommended granting the motion and dismissing the balance of Hill's amended complaint with prejudice for failure to comply with Federal Rules of Civil Procedure 8 and 20. The District Court adopted the Report and Recommendation in part by granting the medical defendants' motion but dismissing the balance of Hill's complaint without prejudice to his filing a second amended complaint.

Instead of amending his complaint, Hill appealed to this Court. Hill elected to stand on his amended complaint, rendering the District Court's order final and appealable. We affirmed in part but concluded that Hill had stated a claim of deliberate

2

indifference against both medical defendants and a claim of retaliation against Dr. Pillai and remanded for further proceedings on those claims.[1]

After close of discovery, the medical defendants filed a motion for summary judgment. The Magistrate Judge recommended granting the motion. The District Court adopted the Report and Recommendation as supplemented by its order. Hill filed a motion for reconsideration which the District Court denied. Hill timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the orders granting summary judgment. See Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017). Summary judgment is proper when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party "must show where in the record there exists a genuine dispute over a material fact." Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007). We review the denial of Hill's other motions for abuse of discretion.[2] We may summarily affirm the District

---

[1] We concluded that Hill had forfeited review of his claims against the DOC defendants and thus did not address them.

[2] Denials of motions to recuse, motions for sanctions, motions to appoint counsel, motions for reconsideration, and discovery rulings are all reviewed for abuse of

Court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court properly granted summary judgment to the medical defendants on Hill's First and Eighth Amendment claims.

## A.

We agree with the District Court that there is no genuine issue of material fact concerning whether the medical defendants were deliberately indifferent to a serious need. To succeed on a claim of deliberate indifference, a plaintiff must show that: (1) "[a] defendant [was] deliberately indifferent to [his] medical needs" and (2) "those needs were [objectively] serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up). An allegation that amounts to a "mere disagreement as to the proper medical treatment" is generally insufficient to sustain a deliberate indifference claim. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Further, "it is well established that as long as a physician exercises professional

---

discretion. See United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013); DiPaolo v. Moran, 407 F.3d 140, 144 (3d Cir. 2005); Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 778 (3d Cir. 2000). We discern no abuse of discretion in the District Court's denial of Hill's motions.

4

judgment [her] behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

In his complaint Hill alleged that the medical defendants were deliberately indifferent to his mental health diagnoses and needs when they kept him in a Psychiatric Observation Cell ("POC") for a prolonged period. Hill further alleged that Dr. Pillai was deliberately indifferent to his needs by stopping his medications and refusing to restart them when he asked. The undisputed record evidence demonstrates that the medical defendants kept Hill in the POC because of his repeated suicidal ideations. The record further demonstrates that the medical defendants discontinued several of his medications due to his noncompliance in taking them. As the District Court explained, Hill failed to show that there was a material issue of fact whether the medical defendants were exercising their "professional judgment" when they kept him in the POC and when they discontinued several of his medications. See Brown, 903 F.2d at 278.

B.

We likewise agree with the District Court that there is no genuine issue of material fact concerning Hill's retaliation claim against Dr. Pillai. To succeed on a claim of retaliation in violation of the First Amendment, a prisoner must prove (1) that he was engaged in "constitutionally protected" conduct; (2) that he "suffered some adverse action" that was "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights"; and (3) that the "constitutionally protected conduct was a

5

substantial or motivating factor" for the adverse action.  <u>Rauser v. Horn</u>, 241 F.3d 330, 333-34 (3d Cir. 2001) (cleaned up).  Based on the undisputed facts on the record, the District Court properly determined Hill failed to support the third element of the claim. Hill did not point to evidence in the record demonstrating that his medical treatment was based on anything besides Dr. Pillai's professional judgment.  He also did not point to any facts showing Dr. Pillai had knowledge of the multiple grievances he filed against other DOC employees, which allegedly formed the basis of any adverse action by Dr. Pillai.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

6