NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2089
_____

RICKY KAMDEM-OUAFFO,
                              Appellant

v.

FEIN SUCH KAHN & SHEPPARD, P.C., ("FSKS");
BORELLI & ASSOCIATES P.L.L.C., ("BA");
PHILIP A. KHAN, Esq.; MICHAEL J. BORRELLI, Esq.;
ANTHONY P. MALECKI, Esq.; DOLORES M. DEALMEIDA, Esq.;
BRIAN P.S. MCCABE, Esq.; ROBERT A. BRUNO, J.S.C.;
SETTLEMENTS SYSTEMS INC; ROBERT T. LOUGY, A.J.S.C.;
MICHELLE M. SMITH; ARMANDO B. FONTOURA;
TD BANK N.A.; PEPSICO INC.; LUBOJA AND THAU LLP;
JONATHAN C. THAU, LLP; RICHARD M. HUNTER, Esq.;
RICHARD M. HUNTER PLLC; LONDON FISCHER LLP;
DR. PETER GIVEN; DR. NAIJIE ZHANG; AIDA COSTELLO;
JOHN DOE; JANE DOE; ABC CORPORATION (1 10)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:22-cv-04174)
District Judge: Honorable Zahid N. Quraishi
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 23, 2024

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed:   December 30, 2024)
_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Ricky Kamdem-Ouaffo appeals the District Court's dismissal of his claims stemming from the garnishment of funds from his bank accounts pursuant to several state-court orders. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2010, Kamdem-Ouaffo filed a lawsuit in New York state court against PepsiCo Inc. He alleged harm relating to his laboratory work while he was working at a PepsiCo research lab. In the course of that litigation, Kamdem-Ouaffo retained Borelli & Associates, P.L.L.C. ("BA"), to represent him. Kamdem-Ouaffo alleges that he paid BA $20,000 to $40,000 during those proceedings. Summary judgment was ultimately granted for PepsiCo in 2013.

In 2014, BA filed a claim against Kamdem-Ouaffo in New York state court pursuant to an arbitration clause in their retainer agreement, seeking to recover unpaid legal fees. After binding arbitration before Settlement Systems Inc., BA obtained an award in its favor. In 2015, after BA initiated an action to confirm the arbitration award in New York state court, Judge Robert A. Bruno entered an order confirming the award. BA then filed to enforce that judgment in New Jersey; it was recorded there in 2021.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In January 2022, New Jersey Superior Court Judge Robert Lougy entered a writ of execution in the amount of $42,938.39. BA was represented by Fein, Such, Kahn & Shepard, P.C. ("FSKS") in those proceedings. Essex County Sheriff Armando B. Fontoura forwarded the writ of execution to TD Bank to satisfy the judgment from Kamdem-Ouaffo's bank accounts. On March 2, 2022, TD Bank notified Kamdem-Ouaffo that it had removed $2,691.76 from his bank accounts based on the writ of execution. Kamdem-Ouaffo subsequently filed a motion in New Jersey state court seeking to vacate the New York judgment. It was denied; the Superior Court noted that Kamdem-Ouaffo should file his motion to vacate in New York.

In June 2022, Kamdem-Ouaffo filed a complaint in the District Court regarding the garnishment of his funds. As relevant to this appeal, Kamdem-Ouaffo ultimately brought claims against: (1) FSKS and three of its attorneys—Philip A. Kahn, Dolores M. DeAlmeida, and Brian P. S. McCabe ("FSKS Defendants"); (2) BA and two of its attorneys—Michael J. Borelli and Anthony P. Malecki ("BA Defendants"); (3) Judge Bruno; (4) Judge Lougy; (5) Settlement Systems Inc.; (6) Sheriff Fontoura; (7) TD Bank; and (8) PepsiCo and parties related to the 2010 case.[1] He alleged that he did not receive notice of the proceedings against him in state court and thus that Judge Bruno, Judge Lougy, and Settlement Systems violated his constitutional rights by entering decisions against him due to the

---

[1] Kamdem-Ouaffo does not make any arguments in his appellate brief regarding the claims he brought against several other defendants. Accordingly, he has forfeited his claims against the remaining named and unidentified defendants. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue an appellant fails to develop in an opening brief is forfeited).

3

actions of the FSKS Defendants and BA Defendants. He claimed that, based on the accounting statements he received, he owed BA only $1,437.66, which he did not pay because he thought it was excessive. Kamdem-Ouaffo asserted that Sheriff Fontoura unlawfully facilitated the execution of the orders against him. He also alleged that several defendants violated the Fair Debt Collections Practices Act ("FDCPA"). He claimed that TD Bank withdrew more than he was told would be withdrawn. Finally, Kamdem-Ouaffo included a separate set of allegations regarding the 2010 litigation with PepsiCo.

After defendants moved to dismiss Kamdem-Ouaffo's amended complaint, the District Court granted their motions. The District Court dismissed many of Kamdem-Ouaffo's claims with prejudice but granted him leave to amend some of his claims. The District Court later denied several of Kamdem-Ouaffo's motions requesting sanctions and imposed a limited filing injunction on Kamdem-Ouaffo in this case. Kamdem-Ouaffo sought reconsideration challenging the denial of sanctions and the imposition of the filing injunction. The District Court terminated these motions administratively after concluding that they violated its filing injunction. Kamdem-Ouaffo has appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's dismissal of Kamdem-Ouaffo's claims. *See Fowler*

---

[2] Because Kamdem-Ouaffo has clearly and unequivocally declined amendment and has stated that he seeks to proceed with this appeal by standing on the allegations in his amended complaint, the District Court's order is final and reviewable. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam); *see also Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019) ("[A] clear and unequivocal intent to decline

4

*v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). We review the entry of a filing injunction for abuse of discretion. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 331 (3d Cir. 1990). We also review the denial of Kamdem-Ouaffo's requests for sanctions for abuse of discretion.[3] *See DiPaolo v. Moran*, 407 F.3d 140, 144 (3d Cir. 2005).

III.

We agree with the District Court's dismissal of Kamdem-Ouaffo's claims. Kamdem-Ouaffo's federal constitutional claims and several state-law claims stem from his allegation that his funds were unlawfully garnished due to the orders entered against him in state court. As the District Court properly concluded, these claims are barred by the *Rooker-Feldman* doctrine. This doctrine precludes consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The injury that Kamdem-Ouaffo has consistently alleged is that money should not have been removed from his bank accounts in accordance with the state court orders entered against him, because he maintains that these orders were void. The relief Kamdem-Ouaffo seeks would involve the type of review of state-court orders that federal courts are not permitted to undertake. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d

---

amendment and immediately appeal that leaves no doubt or ambiguity can allow us to exercise jurisdiction.").

[3] Kamdem-Ouaffo listed several other District Court orders at the beginning of his appellate brief, but because he makes no arguments challenging those decisions, he has forfeited review of those issues. *See Wettach*, 811 F.3d at 115.

159, 169 (3d Cir. 2010) ("Prohibited appellate review consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.") (internal quotation marks and citation omitted); *see also Stern v. Nix*, 840 F.2d 208, 212 (3d Cir. 1988) (rejecting an "attempt to mask the true purpose of [an] action . . . in contravention of *Rooker-Feldman*").

Kamdem-Ouaffo's remaining FDCPA claim regarding an alleged discrepancy in the amount of funds ultimately withdrawn by TD Bank was properly dismissed for failure to state a claim. To make an FDCPA claim against TD Bank, Kamdem-Ouaffo had to allege, among other things, that TD Bank was a debt collector. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). Kamdem-Ouaffo made no such allegation in his amended complaint and acknowledges this point in his appellate brief, arguing that other defendants are debt collectors instead. Accordingly, this claim against TD Bank was properly dismissed.

In his amended complaint, Kamdem-Ouaffo raised additional state-law claims based on allegations regarding the 2010 PepsiCo litigation, claiming that false testimony led the state court to grant summary judgment for PepsiCo at that time. All of Kamdem-Ouaffo's federal claims were properly dismissed and there is no basis for diversity jurisdiction as the parties are not completely diverse. *See* 28 U.S.C. § 1332(a); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Because these claims are based on an entirely separate set of facts that have no relation to Kamdem-Ouaffo's claims regarding the garnishment of his funds, they do not share a common nucleus of operative fact that would have allowed the District Court to exercise supplemental jurisdiction over them. *See*

6

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) ("[A] district court may exercise supplemental jurisdiction where state-law claims share a common nucleus of operative fact with the claims that supported the district court's original jurisdiction." (internal quotation marks omitted)); *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 303 (3d Cir. 1998) (explaining that "§ 1367 does not permit courts to take jurisdiction over tangentially related claims").

Next, the District Court did not abuse its discretion in denying Kamdem-Ouaffo's repeated requests for sanctions against various defendants. He argues on appeal that his motions were justified because various defendants "made too many misrepresentations of law and of fact to the court" and based their arguments on "personal animus." *See* Appellant's Br. 11. Beyond these unsupported assertions, Kamdem-Ouaffo does not challenge the District Court's conclusions that his motions did not comply with Federal Rule of Civil Procedure 11(c)(2) or that he failed to demonstrate that defendants committed fraud in requesting extensions of time.

Finally, the District Court's imposition of a limited filing injunction was appropriate. A court may impose an injunctive order on a litigant if: (1) the litigant has been continuously abusing the judicial process, (2) the court provides notice and an opportunity to respond, and (3) the scope of the injunction is "narrowly tailored to fit the particular circumstances of the case before the District Court." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Those requirements were satisfied here. The injunction restricted Kamdem-Ouaffo from filing letters, motions, or supplemental documents in this case unless he first sought leave from the District Court. The District Court observed that Kamdem-Ouaffo

had submitted an inordinate number of filings in a matter of months, that he submitted excessive briefing in many of those filings, and that several of his motions were collateral to the issues being raised in the case. Kamdem-Ouaffo had notice of the potential for an injunction and filed responses. And the injunction was narrowly tailored to this specific case; the District Court rejected defendants' request at that time for a broader injunction. The District Court appropriately terminated several of Kamdem-Ouaffo's subsequent filings that he submitted without first requesting leave to file additional motions.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4] We grant appellees Robert T. Lougy and Michelle M. Smith's motion to file their brief out of time. Kamdem-Ouaffo's cross-motion is denied.